UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LESLIE P., | ) |
|         Plaintiff, | ) ) ) No. 20-cv-7289 |
| v. | ) ) Magistrate Judge Susan E. Cox |
| KILILO KIJAKAZI, Commissioner of the Social Security Administration, | ) ) ) |
|         Defendant. | ) |

**ORDER**

Plaintiff Leslie P.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") under the Social Security Act. The Parties have filed cross motions for summary judgment. For the reasons detailed below, Plaintiff's motion (dkt. 16) is granted and the Commissioner's Motion for Summary Judgment (dkt. 19) is denied. This case is remanded for further proceedings consistent with this Order.

Plaintiff's previous SSI claim denial was appealed to United States District Court for the Northern District of Illinois. On September 17, 2018, Judge Rowland remanded the case for further proceedings, writing the following:

> Here, the ALJ's RFC included several limitations pertaining to Plaintiff's ability to lift, sit, walk, stand, reach, climb, stoop, kneel, crouch, crawl, reach, and remain on-task. After setting forth the requirements and standards she followed in rendering her decision, the ALJ proceeded to summarize different aspects of the evidentiary record, including portions of Plaintiff's hearing testimony, medical records (including the lack of treatment records for particular time periods), Plaintiff's treatment, and the results of Plaintiff's examinations. Following this summary, the ALJ stated that:

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

> The above evidence supports the severity of the claimant's impairments and resulting limitations set forth in the aforementioned residual functional capacity. In sum, the above residual functional capacity assessment is supported by the overall evidence of record, including the medical findings, nature and frequency of treatment, the claimant's activities, the opinion evidence, the claimant's testimony, and other factors discussed above.
>
> The ALJ concluded by repeating the functional limitations that made up her RFC, indicating that they "accommodated the claimant's impairment of degenerative disc disease and associated symptoms."
>
> This analysis is insufficient, however, as it fails to build an "accurate and logical bridge from the evidence" to the RFC's limitations. . . And . . . the ALJ did not cite any evidence to justify her finding that, given Plaintiff's severe back impairment, Plaintiff could sit for an accumulated total of six hours and walk and/or stand for a total of two hours during an eight-hour workday. Nor did the ALJ cite any evidence (medical or otherwise) to support her belief that Plaintiff could frequently climb ramps or stairs, stoop, and kneel and could occasionally crouch, crawl, and climb ladders, ropes, or scaffolds. Indeed, the ALJ does not cite any evidence indicating that Plaintiff's ability to carry out these actions was even evaluated. And the ALJ's determination of Plaintiff's off-task percentage (no more than 15% of the workday) similarly appears without any evidentiary basis.

*Leslie P. v. Berryhill*, Case No. 17 C 4509, 2018 WL 4404665, at *3-4 (N.D. Ill. Sept. 17, 2018) (internal citations omitted).

     The ALJ here made the same mistake on remand and did not follow Judge Rowland's instructions to build an accurate and logical bridge between the medical evidence and the limitations in Plaintiff's RFC. In the instant suit, the ALJ found Plaintiff had the RFC to perform sedentary work with the following restrictions: frequently climb ramps and stairs, stoop, and kneel; occasionally climb ladders, ropes, and scaffolds, crouch, and crawl; frequently reach, handle, and finger; and an option to stand for 5 minutes after every 30 minutes of sitting, but can remain on task while standing. (R. 451.) The ALJ then did an admirable job of summarizing the medical evidence, Plaintiff's testimony, and the results of examinations; the description of the record is thorough and provides a

full picture of Plaintiff's medical history and the evidence in the administrative record. However, when it came time to analyze that evidence and explain how it supported the limitations included in the RFC, the ALJ repeated the previous failure. The ALJ concluded this section of her decision stating:

> In sum, although the evidence establishes underlying medical conditions capable of producing some limitations, the substantial evidence of record does not confirm the disabling limitations alleged by the claimant or her representative. Rather, the above residual functional capacity assessment is supported by the objective medical evidence, medical opinions, and the other factor discussed in this decision. The claimant's physical impairments dictate that she would be limited to less than sedentary work. Specifically, the pain, limited range of motion, and extremity weakness resulting from the claimant's spinal condition have been accommodated by requiring that she only frequently climb ramps and stairs, stoop, and kneel, only occasionally climb ladders, ropes, and scaffolds, crouch, and crawl, only frequently reach, handle, finger, and requires a sit/stand option. Further limitations would be unwarranted as the claimant's subjective complaints are only partially consistent with the record as a whole.

(R. 458.)

This analysis presents the same problem identified by Judge Rowland in her opinion. The ALJ has not explained with sufficient specificity how the evidence in the record supports her RFC findings. While there was some attempt to do so on remand – the fourth sentence of the paragraph above attempts to tie some of Plaintiff's symptoms to some of the limitations – the ALJ falls short. It is unclear which specific medical records or clinical findings the ALJ relies on to support her conclusions, and the ALJ does not explain how the medical evidence grafts onto the limitations in the RFC finding. The Court is ultimately left with more questions than answers. For example, why does Plaintiff's limited range of motion allow her to frequently stoop and kneel, as opposed to occasionally or never? And which range of motion finding or result supports that limitation? Such unanswered questions are the hallmark of a failure to build an accurate and logical bridge between the evidence and the ALJ's conclusions. Judge Rowland correctly seized on this issue in her opinion and the

problem was not solved on remand. The Court remands the case once again to allow the ALJ to provide a more robust analysis (rather than a summary of the medical evidence, however thorough it may be) of Plaintiff's RFC that allows for adequate review by the District Court.

      Plaintiff's motion (dkt. 16) is granted and the Commissioner's Motion for Summary Judgment (dkt. 19) is denied. This case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

Entered: July 13, 2022

_____
United States Magistrate Judge
Susan E. Cox